# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DENISE R. COOPER,<br>            Appellant, | DOCKET NUMBER<br>AT-3443-16-0421-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>            Agency. | DATE: September 29, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lindsey Wagner, Esquire, Jupiter, Florida, for the appellant.

Richard Johns, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a Senior Researcher, GS-0400-15, with the Veterans Health Administration. Initial Appeal File (IAF), Tab 1. On March 30, 2016, she filed an appeal of the agency's decision to reduce her term appointment from an ending date of March 31, 2019, to an ending date of March 31, 2017. *Id*. She elected to register as an e-filer and indicated that she did not want a hearing. *Id*.

¶3 On April 7, 2016, the administrative judge issued an acknowledgment order, which was served on the parties electronically. IAF, Tab 2. In that order, the administrative judge advised the appellant that her appeal did not appear to be within the Board's jurisdiction, but that she might be able to establish jurisdiction if she alleged that the agency's action was: (1) taken in retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8), or other activities protected under the Whistleblower Protection Act; (2) the product of discrimination based on uniformed service; or (3) in violation of her veterans' preference rights. IAF, Tab 2. The administrative judge directed the appellant to file evidence and argument establishing that the Board had jurisdiction over her appeal within 15 days of the date of the order. *Id*.

¶4      The appellant did not respond to the order, and, on April 29, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision. The appellant filed a petition for review, to which the agency has responded. Petition for Review (PFR) File, Tabs 3, 5.

## ANALYSIS

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). On review, the appellant contends that the agency's decision to shorten her term appointment constitutes a performance-based removal appealable under 5 U.S.C. § 4303(e). PFR File, Tab 3 at 5. However, the appellant has not as yet been separated, and the date of her separation is not itself an appealable matter. *See Langford v. Department of the Treasury*, 73 M.S.P.R. 129, 140 (1997) (finding that the timing of the agency's decision to proceed with the appellant's removal when it did was not an action within the Board's jurisdiction). Moreover, the appellant has not articulated any other basis for finding jurisdiction over her appeal.[2]

¶6      The appellant further alleges that she did not receive the acknowledgment order until May 11, 2016, after the initial decision already had been issued, and that she thereby was deprived of a fair opportunity to present her case. PFR File, Tab 3 at 5. However, the Board's e-filing regulations provide that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). When a regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera v. Social Security Administration*,

---

[2] On her appeal form, the appellant indicated that she did not have veterans' preference and that she had not filed a complaint with the Office of Special Counsel or the Department of Labor. IAF, Tab 1.

111 M.S.P.R. 581, ¶ 5 (2009).  Moreover, e-filers are responsible for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents.  5 C.F.R. § 1201.14(j)(3)  If, in fact, the appellant did not become aware of the acknowledgment order until May 11, 2016, we find that this reflects a lack of due diligence on her part and that she was not deprived of a fair opportunity to file a timely response below.  In any event, as discussed above, we find that the appellant's arguments on review do not establish the Board's jurisdiction over her appeal.  As a result, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.